| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | § CASE NO. 9:22–CR-43 (8) |
| | § |
| SANTOS NAVARRO | § |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Santos Navarro's ("Navarro") Motion to Extend Time to File Notice of Appeal (#491). The Government filed a Response (#494), wherein it stated that is does not object to Navarro's motion. Having considered the motion, the Government's response, the record, and the applicable law, the court is of the opinion that the motion should be granted.

On December 7, 2022, a federal grand jury in the Eastern District of Texas, Lufkin Division, returned an Indictment against Navarro, charging him in Count One with Conspiracy to Distribute and Possess with the Intent to Distribute a Controlled Substance, in violation of 21 U.S.C. § 846. On November 13, 2023, Navarro pleaded guilty to Count One of the Indictment pursuant to a binding plea agreement. On August 20, 2024, the court sentenced Navarro to 130 months' imprisonment and entered the written judgment the following day. Thus, the 14-day period for filing a notice of appeal expired on September 4, 2024. *See* FED. R. APP. P. 4(b)(1)(A)(i) (requiring that a defendant in a criminal case file a notice of appeal within 14 days after the entry of the judgment or order being appealed); FED. R. APP. P. 4(b)(6) ("A judgment or order is entered for purposes of this Rule 4(b) when it is entered on the criminal docket."); FED. R. APP. P. 26(a)(1)(C) (directing courts to include the last day of a period unless it falls on a Saturday, Sunday, or legal holiday); *United States v. Espinosa*, No. 23-40071, 2024 WL

3066041, at *1 (5th Cir. June 20, 2024). On Monday, September 9, 2024, trial counsel filed a motion to withdraw (#457), as well as a notice of appeal (#458). Thus, Navarro's notice of appeal was filed five days past the deadline imposed by Rule 4(b)(4). *See* FED. R. APP. P. 4(b)(4).

Rule 4(b)(4) allows the district court to grant an additional thirty days in which to file a notice of appeal upon a finding of excusable neglect or good cause. *See* FED. R. APP. P. 4(b)(4) (stating that "[u]pon a finding of excusable neglect or good cause, the district court may—before or after the time has expired, with or without motion and notice—extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)"); *United States v. Wiley*, No. 23-60068, 2024 WL 400194, at *1 (5th Cir. Feb. 2, 2024); *United States v. Escajeda*, No. 22-50044, 2022 WL 3098687, at *1 (5th Cir. Aug. 4, 2022). In criminal cases, the United States Court of Appeals for the Fifth Circuit has customarily treated a late notice filed after the expiration of the initial appeal period, but before the lapse of an additional 30 days, as a motion for a determination as to whether excusable neglect entitles a defendant to an extension of time to appeal. *Escajeda*, 2022 WL 3098687, at *1 (citing *United States v. Golding*, 739 F.2d 183, 184 (5th Cir. 1984)); *United States v. Rodriguez*, 540 F. App'x 426, 427 (5th Cir. 2013) (quoting *United States v. Alverez*, 210 F.3d 309, 310 (5th Cir. 2000)).

The good cause standard applies "'in situations in which there is no fault—excusable or otherwise.' When good cause applies, an extension of time is necessary because of something that was entirely beyond the control of the moving party." *United States v. Lewis*, No. 3:13-CR-00177-N-1, 2021 WL 3885237, at *2 (N.D. Tex. Aug. 31, 2021) (quoting *Hager v. Underwood*, No. 3:18-CV-355-D, 2019 WL 4246608, at *2 (N.D. Tex. Sept. 5, 2019); *see* FED. R. APP. P. 4 advisory committee's note, 2002 Amendments, Subdivision (a)(5)(A)(ii)).

When considering whether a defendant has shown excusable neglect, "a court should consider: (1) 'the danger of prejudice to' the appellee; (2) 'the length of the delay and its potential impact on judicial proceedings'; (3) 'the reason for the delay, including whether it was within the reasonable control of the movant'; and (4) 'whether the movant acted in good faith.'" *Wiley*, 2024 WL 400194, at *2 (quoting *United States v. Clark*, 51 F.3d 42, 44 (5th Cir. 1995)).

In the pending motion, appellate counsel explains that after reviewing the record in this case, she realized trial counsel's notice of appeal was untimely and contacted trial counsel to discern the reason for the delay. Trial counsel stated that the notice was untimely because trial counsel's assistant inadvertently missed the deadline. Here, the danger of prejudice to the Government and the impact on judicial proceedings is minimal, as the notice of appeal was filed only five days late and the Government does not oppose the motion.[1] *See United States v. Allen*, No. 21-6067, 2022 WL 535144, at *2 (10th Cir. Feb. 23, 2022) (recognizing the district court's conclusion that a delay of 6 days would cause "little prejudice" to the Government); *United States v. Candia*, No. 00-20084, 2011 WL 1837852, at *1 (W.D. La. Mar. 15, 2011) (finding "no real danger of prejudice to the government" where the defendant's *pro se* tardy filing was docketed 20 days late). Moreover, appellate counsel assures the court that excusing the delay in filing the notice of appeal is in the interest of judicial economy as the record for this case has been prepared and Navarro's appellate briefing is ready to be filed. Therefore, after taking into account all of the relevant circumstances, the court finds Navarro's delay in filing his notice of appeal was due

---

[1] In its response, the Government expressly reserves the right to answer any and all claims raised on appeal (#494).

3

to excusable neglect. *Escajeda*, 2022 WL 3098687, at *1; *Rodriguez*, 540 F. App'x at 427 (quoting *Alverez*, 210 F.3d at 310).

In accordance with the foregoing, Navarro's Motion to Extend Time to File Notice of Appeal (#491) is GRANTED.

SIGNED at Beaumont, Texas, this 31st day of January, 2025.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE